UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CAITLIN SANCHEZ, performing as          10 Civ. 7854 (TPG)
"DORA THE EXPLORER,"
                    Plaintiff,          DECLARATION OF KEVIN
     -against-                            SANCHEZ SUPPORTING MOTION
                                                    TO VACATE DISMISSAL &
MTV NETWORKS, a division of                      SETTLEMENT & DISGORGE
Viacom, International, Inc., d/b/a NICKELODEON,    FEES FROM JOHN BALESTRIERE
AND NICKELODEON/VIACOM
CONSUMER PRODUCTS, INC.
                   **Defendants.**
-------------------------------------------------------------------X

        Kevin Sanchez, certifies as follows:

1. I am the father of Plaintiff Caitlin Sanchez. She is presently 15 years old.

2. I met Balestriere one time on September 28, 2010 in his office with Hilda and Caitlin present. We explained to him that we wanted a lawsuit based on a "net profits" case. He advised the case was worth $10 Million Dollars and he would not settle for less.

3. Some time in early October, 2010, John Balestriere filed a lawsuit and sent us the complaint. He never sent us a letter, pleading, motion or anything filed in the case after that. We were never given an opportunity to review any filings.

4. On November 3, 2010, he emailed that he wanted us to settle. However, the settlement he wanted us to take was money already guaranteed to Caitlin under her personal services agreement with Nickelodeon. We did not need an attorney to get money that she was already due, and we did not want John Balestriere taking a 37.5% contingency from fees already due her.

5. We objected to settlement. We wanted an expert to explain our theory that Nickelodeon hides profits to prove Caitlin was due much more. We were prepared to hire a forensic auditor to explain to a judge, jury or arbitrator how entertainment companies hide their profits. Balestriere ignored us.

6. On about November 10, 2010, Balestriere called and said Nickelodeon wanted Caitlin to return to work and that she would receive residuals for that. That was false. She was not receiving residuals because Nickelodeon's agreement with AFTRA, referred to as the Uptown Agreement, did not permit residuals at that time. Residuals commence only 2 years after airing any show.

7. On November 10, 2010, John Balestriere insisted we sign a settlement that we objected to because it did not address her claims. He threatened that if we did not agree to settle we would lose the case, he would abandon us and we would have to pay him some $300,000.00 for his legal fees when we already paid some $17,000 to him and his retainer was a contingency and fight for us to trial. He also stated he worked over 600 hours into the case that he had only a few months.

8. At that time he was holding $11,000 of Caitlin's checks from her work. We told him to use that money to represent us. He refused. Instead he yelled at me and insisted I must take his advice because it would cost too much to move forward if we did not settle.

9. He told us that dismissing this "with prejudice" does not mean we gave up our rights to a future lawsuit against Nickelodeon. We later discovered that was false. He also told us he was getting us six figures from Caitlin's management company, CESD, because they "were the real culprits." That was also false.

10. John Balestriere insisted I sign the signature page of the "settlement". In objection, I signed, but did not have it notarized in hopes the court would reject the papers (**Exhibit "A"**). I later discovered John Balestriere falsely notarized my signature on November 15, 2010 (**Exhibit "B"**) and submitted it to this Court to get the settlement approved. I never appeared before John Balestriere on November 15, 2010.

11. We discovered he was attaching himself to more of Caitlin's monies due her beyond the settlement we objected to. In January, 2011 we fired him. He responded by threatening us again that we owed him more money.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 25, 2011.

_____
**KEVIN SANCHEZ**

2

## VERIFICATION

State of New Jersey   )
                      ss:
County of Bergen      )

      Kevin Sanchez, being duly sworn, deposes and says that he has read the foregoing Verified Petition to Settle Claim, and that the contents thereof are true to the best of his present knowledge upon information and belief.

                                                    KEVIN SANCHEZ

Sworn to this ____ day
of November 2010

_____
      Notary Public

## VERIFICATION

State of New Jersey )
                             ss:
County of Bergen )

       Kevin Sanchez, being duly sworn, deposes and says that he has read the foregoing Verified Petition to Settle Claim, and that the contents thereof are true to the best of his present knowledge upon information and belief.

                                                          KEVIN SANCHEZ

Sworn to this 15 day
of November 2010

_____
Notary Public

JOHN BALESTRIERE
NOTARY PUBLIC STATE OF NEW YORK
NO. 02BA6121509
QUALIFIED IN COUNTY OF NEW YORK
COMMISSION EXPIRES 01/18/20[1]1