UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CAITLIN SANCHEZ, performing as "DORA THE EXPLORER," <br><br> Plaintiff, <br><br> - against - <br><br> MTV NETWORKS, a division of Viacom, International, Inc., d/b/a NICKELODEON, AND NICKELODEON/VIACOM CONSUMER PRODUCTS, INC. <br><br> Defendants. | 10 Civ. 7854 (TPG) <br><br> ~~PROPOSED~~ ORDER <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 4/3/12 |

WHEREAS, on October 6, 2010, plaintiff commenced an action in New York Supreme Court asserting claims for quantum meruit, unjust enrichment, and breach of contract and seeking, *inter alia,* the imposition of a constructive trust upon all monies and assets defendants acquired as a result of their alleged unfair practices, compensatory, actual and punitive damages or alternatively rescission of the contract as well as attorneys' fees and costs;

WHEREAS, on October 15, 2010, defendants removed the action to this Court on the grounds that this Court has subject matter jurisdiction under section 301 of the Labor Management Relations Act on the ground that the suit involved claims that implicated the interpretation of a labor collective bargaining agreement;

WHEREAS, on October 20, 2010, plaintiff filed a motion to remand the action to state court;

WHEREAS, on October 26, 2010, defendants filed a motion to dismiss the action in favor of arbitration;

2

WHEREAS, on November 15, 2010, the parties entered into a Settlement Agreement;

WHEREAS, on or about November 29, 2010, a Petition was submitted to the Court jointly by then counsel for plaintiff and defendants' counsel seeking approval of the Settlement Agreement;

WHEREAS, on November 30, 2010, the Court "so ordered" a Stipulation of Dismissal with Prejudice;

WHEREAS, on June 30, 2011, plaintiff, represented by successor counsel, filed a Motion, which, among other things, sought to Vacate the Stipulation of Dismissal with Prejudice ("Motion to Vacate") pursuant to Fed. R. Civ. P. 60(b);

WHEREAS, after opposition was filed by counsel for defendants and plaintiff's original counsel, Balestriere Fariello, on November 1, 2011, oral argument was heard by the Court, at which time the Court denied plaintiff's Motion to Vacate and allowed plaintiff's original counsel leave to file an application for attorneys' fees;

WHEREAS, on December 21, 2011, plaintiff's original counsel filed an application for attorneys' fees;

WHEREAS, on February 10, 2012, plaintiff filed papers in opposition to the fee application which, among other things, raised the issue of this Court's subject-matter jurisdiction and reiterated plaintiff's request that the Settlement Agreement be vacated;

WHEREAS, on March 7, 2012, this Court held a conference at which time the parties had an opportunity to be heard on this issues raised in the papers, and during which the Court noted that it had denied the Motion to Vacate on November 1, 2011;

WHEREAS, on March 23, 2012, the Court held a second conference at which time the issues raised by the parties were further addressed, and at which time the Court stated again that

it had denied the Motion to Vacate;

**NOW THEREFORE,** having considered the parties' and former counsel's submissions and oral argument thereon:

**IT IS ORDERED THAT** that the Court has subject-matter jurisdiction over this matter; and

**IT IS FURTHER ORDERED** that plaintiff's Motion to Vacate is denied; and

**IT IS FURTHER ORDERED** that the fee application of Balestriere Fariello remains *sub judice*.

IT IS SO ORDERED.

DATED: April 3, 2012

_____
THE HONORABLE THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE

3